UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARTIN J. WALSH, Secretary of Labor,
United States Department of Labor,

Plaintiff,

v.

JKA CONSTRUCTION, INC.; CLESIO DA
SILVA; FABIO DA COSTA; RAFAEL DE
PAULA; and JOSIAS DE PAULA,

Defendants.

Civil Action No. 1:21-cv-11645

## **COMPLAINT**

1.     Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor

(the "Secretary"), brings this action against Defendants JKA Construction, Inc.; Clesio Da Silva;

Fabio Da Costa; Rafael De Paula; and Josias De Paula (collectively, the "Defendants") because

they failed properly to compensate their employees for all overtime hours worked and did not

adequately and accurately record all hours their employees worked in violation of the Fair Labor

Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (the "FLSA").

2.     The Secretary seeks to enjoin Defendants from violating Sections 7, 11, 15(a)(2),

and 15(a)(5) of the FLSA, 29 U.S.C. §§ 207, 211, 215(a)(2), and 215(a)(5), and to recover the

back wages that Defendants failed to pay to their employees, as well as liquidated damages,

pursuant to Sections 15(a)(2), 16(c), and 17 of the FLSA, 29 U.S.C. §§ 215(a)(2), 216(c), and

217.

3.     This Complaint covers the time period from August 14, 2017 to at least February

21, 2020.

## JURISDICTION AND VENUE

4.      Jurisdiction of this action is conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

5.      Venue is proper in the United States District Court for the District of Massachusetts because a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in this judicial district.

## THE PARTIES

6.      Plaintiff Martin J. Walsh, Secretary of Labor, Department of Labor, is vested with the authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages, and is the proper plaintiff for this action.

7.      Defendant JKA Construction, Inc. ("JKA") is a Massachusetts corporation with a principal office and place of business located at 110 Winn Street, Woburn, Massachusetts 01801.

8.      JKA is in the business of residential construction.

9.      Defendant Clesio Da Silva is the president and an owner of JKA.

10.     Clesio Da Silva resides in Massachusetts and the claims against Da Silva in this case arise out of Da Silva's business dealings in Massachusetts.

11.     Clesio Da Silva has the authority to and does control the day-to-day operations of JKA. Accordingly, Da Silva is an employer of JKA's employees within the meaning of the FLSA. *See* 29 U.S.C. § 203(d).

12.     Defendant Fabio Da Costa is a manager and an owner of JKA.

13.     Fabio Da Costa resides in Massachusetts and the claims against Da Costa in this case arise out of Da Costa's business dealings in Massachusetts.

14.    Fabio Da Costa has the authority to and does control the day-to-day operations of JKA. Accordingly, Fabio Da Costa is an employer of JKA's employees within the meaning of the FLSA. *See* 29 U.S.C. § 203(d).

15.    Defendant Rafael De Paula is a vice president and an owner of JKA.

16.    Rafael De Paula resides in Massachusetts and the claims against Rafael De Paula in this case arise out of Rafael De Paula's business dealings in Massachusetts.

17.    Rafael De Paula has the authority to and does control the day-to-day operations of JKA. Accordingly, Rafael De Paula is an employer of JKA's employees within the meaning of the FLSA. *See* 29 U.S.C. § 203(d).

18.    Defendant Josias De Paula is a manager and an owner of JKA.

19.    Josias De Paula resides in Massachusetts and the claims against Josias De Paula in this case arise out of Josias De Paula's business dealings in Massachusetts.

20.    Josias De Paula has the authority to and does control the day-to-day operations of JKA. Accordingly, Josias De Paula is an employer of JKA's employees within the meaning of the FLSA. *See* 29 U.S.C. § 203(d).

## DEFENDANTS ARE AN ENTERPRISE ENGAGED IN COMMERCE

21.    At all times covered by this Complaint, Defendants were an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), as they engaged in related activities performed through unified operation or common control for a common business purpose.

22.    Defendants employed employees working in the activities of said enterprise, which was engaged in commerce or in the production of goods for commerce, including having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, such as lumber.

23.     Defendants' enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

24.     Defendants' employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

## DEFENDANTS' WAGE AND HOUR PRACTICES

*Defendants Willfully Failed to Pay Employees the Required Overtime Premium*

25.     Defendants failed to properly compensate approximately 250 employees for overtime hours worked. Specifically, Defendants failed to compensate those employees at one and one-half times the regular rates at which those employees were employed for hours worked over 40 hours in a workweek.

26.     JKA misclassified many of its employees as independent contractors.

27.     JKA supervised the work of the workers at issue in this case.

28.     The workers in this case notified JKA of the times that they started and finished work.

29.     JKA's workers needed permission from JKA to take time off or leave a shift early.

30.     JKA's workers received their work assignments from JKA.

31.     The workers at issue in this case did not have an opportunity for profit or loss with respect to their work for Defendants.

32.     The workers at issue in this case did not invest in JKA's facilities or equipment.

33.     Defendants' employees regularly worked more than 40 hours per week in workweeks covered by this Complaint.

34.     For workweeks when employees worked more than 40 hours, Defendants failed to compensate them for their overtime hours worked at no less than one and one-half times the employees' regular rates of pay.

35.     Defendants used a separate company to pay some employees for their overtime hours worked at the employees' straight time rates.

36.     Defendants' overtime violations of the FLSA were knowing, deliberate, and/or intentional, or were done with reckless disregard for the statute.

*Defendants Failed to Maintain Records Required by the FLSA*

37.     Defendants violated the FLSA by failing to make, keep, and preserve adequate and accurate records for employees.

38.     Specifically, Defendants' records failed to show adequately and accurately the compensation paid to employees.

**COUNT ONE**
*Violations of Sections 7 & 15(a)(2) of the FLSA—Failure to Pay Overtime Premium*

39.     The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

40.     Defendants have willfully violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying the employees listed in Exhibit A the required overtime premium for all overtime hours worked. Defendants employed employees for workweeks longer than 40 hours without compensating them at rates not less than one and one-half times the regular rates at which the employees were employed for all hours worked in excess of 40 hours in such workweeks.

41.     Therefore, Defendants are liable for overtime compensation owed to the employees listed in the attached Exhibit A, and an equal amount of liquidated damages, under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## COUNT TWO
*Violations of Sections 11 & 15(a)(5) of the FLSA—Failure to Make & Keep Records*

42.     The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

43.     Defendants failed to keep true and accurate records of the compensation paid to each of their employees in violation of Sections 11 and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), and the regulations thereunder, specifically 29 C.F.R. Part 516.

## PRAYER FOR RELIEF

Throughout the period covered by this Complaint, Defendants violated the aforesaid provisions of the FLSA as alleged. WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants as follows:

1.     For an order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from prospectively violating the FLSA, including Sections 7, 11, 15(a)(2), and 15(a)(5), 29 U.S.C. §§ 207, 211, 215(a)(2), and 215(a)(5);

2.     For an order pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), holding Defendants liable for unpaid back wages found due to Defendants' employees listed in Exhibit A, plus liquidated damages equal in amount to the unpaid compensation found due. Additional amounts of back wages and liquidated damages may be owed to certain employees listed in Exhibit A for violations continuing after February 21, 2020, and may be owed to certain

employees presently unknown to the Secretary who may be identified during this litigation and added to Exhibit A;

3.      For an order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding the amount of overtime compensation found due to Defendants' employees listed in Exhibit A;

4.      In the event liquidated damages are not awarded, an order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

5.      Awarding the Secretary the costs of this action; and

6.      Granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Seema Nanda
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

/s/ Mark A. Pedulla
Mark A. Pedulla
Wage and Hour Counsel
pedulla.mark.a@dol.gov
MA BBO No. 685925

/s/ Emily V. Wilkinson
Emily V. Wilkinson
Trial Attorney
wilkinson.emily.v@dol.gov
MA BBO No. 699512

United States Department of Labor
Attorneys for Plaintiff

U.S. Department of Labor
Office of the Solicitor
JFK Federal Building, Room E-375
Boston, Massachusetts 02203

Telephone: (617) 565-2500
Facsimile: (617) 565-2142

Date: October 8, 2021