**COURTESY COPY**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> JKA CONSTRUCTION, INC.; CLESIO DA SILVA; FABIO DA COSTA; RAFAEL DE PAULA; and JOSIAS DE PAULA, <br><br> Defendants. | Civil Action No. |

CONSENT JUDGMENT AND ORDER

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary"), has filed a Complaint in this case under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (the "FLSA"). Defendants JKA Construction, Inc.; Clesio Da Silva; Fabio Da Costa; Rafael De Paula; and Josias De Paula (collectively, the "Defendants"), have received a copy of the Complaint and waived service of process. Defendants admit that they violated Sections 7 and 11 of the FLSA, 29 U.S.C. §§ 207 and 211.

Defendants also acknowledge assessment by the Secretary of civil money penalties in the amount of $64,740.00, waive notice and service requirements for the issuance of those penalties, and waive exception to those civil money penalties all under Section 16(e) of the FLSA, 29 U.S.C. § 216(e), and 29 C.F.R. §§ 578.1–578.4, 580.1–580.18.

The Court finds that it has jurisdiction to enter this Consent Judgment and Order (the "Consent Judgment"), and the Secretary and Defendants agree to its terms.

1

Case 1:21-cv-11645-NMG   Document 7-1   Filed 11/10/21   Page 2 of 8
Case 1:21-cv-11645   Document 2-1   Filed 10/08/21   Page 3 of 264
**COURTESY COPY**

It is therefore ORDERED, ADJUGED, and DECREED that:

1.  Defendants and their successors, assigns, agents, servants, employees, and all persons in active concert or participation with them, or acting or claiming to act in their interest or on their behalf, hereby are permanently enjoined and restrained from violating the FLSA, in any of the following manners.

    a.  Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than 40 hours, unless such employees receive compensation for their employment in excess of 40 hours at rates not less than one-and-one-half times the employees' regular rates of pay.

    b.  Defendants shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), and found in 29 C.F.R. Part 516.

    c.  Defendants shall not fail to cooperate with the United States Department of Labor in any investigation conducted pursuant to Section 11(a) of the FLSA, 29 U.S.C. § 211(a), and commenced after the entry of this Consent Judgment. Defendants shall provide truthful responses and other information and documents to the United States Department of Labor. Defendants shall provide the United

Case 1:21-cv-11645-NMG   Document 7-1   Filed 11/10/21   Page 3 of 8
Case 1:21-cv-11645   Document 2-1   Filed 10/08/21   Page 4 of 264
**COURTESY COPY**

States Department of Labor access to all records that are required to be maintained pursuant to Section 11(c) of the FLSA, 29 U. S.C. § 211(c), and 29 C.F.R. Part 516, and shall provide access to other information necessary for the proper execution of any United States Department of Labor investigation, as determined by the United States Department of Labor. Nothing contained in this Consent Judgment, including the requirement to cooperate as set forth in this Paragraph, abrogates Defendants' rights under the United States Constitution.

2. Further, the Court, finding that Defendants' employees are due back wages in the amount of $437,609.16, as shown on the attached Exhibit A1, which is incorporated in and made a part of this Consent Judgment, orders that Defendants are restrained from withholding said back wages and shall pay, jointly and severally, said back wages plus any applicable interest in accordance with the terms set forth herein.

3. Defendants represent that, to the best of their knowledge and following diligent review and inquiry, they have been in compliance with the FLSA since November 15, 2020. In resolving the amount of back wages in this Consent Judgment, the Secretary has relied on this representation and, accordingly, the back wage provisions of this Consent Judgment shall have no effect upon any back wages and liquidated damages which may have accrued since November 15, 2020.

4. The back wage provisions of this Consent Judgment only cover the period from August 14, 2017 to February 21, 2020 for the individuals named in Exhibit A1, and this Consent Judgment shall have no effect upon any back wages and liquidated damages that may have accrued outside that time period or for any individual not named on Exhibit A1.

5. The back wage provisions of this Consent Judgment shall be deemed satisfied

when Defendants deliver to the Secretary $437,609.16 in gross back wages plus interest (as set out in Exhibits A1, B1, and C1), from which deductions for Defendants' employees' share of social security and federal withholding taxes will be made by the United States Department of Labor with no deduction for the employees' state withholding tax. Defendants, jointly and severally, shall further pay the employers' share of FICA to the appropriate authorities for the back wages paid pursuant to this Consent Judgment after presentation of the United States Department of Labor's quarterly summary of employee payments made.

6. The Secretary will distribute the back wages and interest to the employees in this case in accordance with the total amounts set out in Exhibit A1.

7. With respect to the back wage and interest payments, Defendants shall first pay $100,000.00 to the Secretary within 14 days of the parties' full execution of this Consent Judgment. Defendants shall then make the balance of the back wage and interest payments to the Secretary in accordance with the Installment Amortization Schedule set out in Exhibits B1 and C1. Defendants shall make each such payment set out in Exhibits B1 and C1 in the total payment amount due (meaning back wages plus interest) for all employees listed under each payment due date.

8. Defendants may make the back wage and interest payments required by this Consent Judgment online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77689032 or by going to http://www.pay.gov and searching for WHDBWNE. Alternatively, payment may be made in the form of certified checks made payable to "Wage and Hour Division—Labor" and delivered to the United States Department of Labor, Wage and Hour Division, 1835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103-2968, Attn: William Schweizer. Any such check shall have Case Number 1879616 written on the

face of the check.

9. In addition, Defendants shall pay, jointly and severally, the civil money penalties issued pursuant to Section 16(e) of the FLSA, 29 U.S.C. § 216(e), and 29 C.F.R. §§ 578.1–578.4, in the amount of $64,740.00 to the Secretary.

10. The civil money penalty portion of this Consent Judgment will be deemed satisfied when Defendants deliver said penalty amount and interest to the Secretary, in accordance with the installment schedule set forth in Exhibit D1.

11. To comply with the civil money penalty payment provisions set forth above, Defendants may pay online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77734516 or by going to www.pay.gov and searching "WHD CMP Payment - NE Region." Defendants also have the option to provide to the Secretary a certified check, bank check, or money order, and that check or money order shall be made payable to "Wage and Hour Division—Labor" and mailed to: United States Department of Labor, Wage and Hour Division, 835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103-2968, Attn: William Schweizer. Any such check or money order shall have Case Number 1879616 written on the face of the check or money order.

12. In the event Defendants fail to make payment within 14 days of any payment being due under this Consent Judgment, then Defendants consent to the entry of a Writ of Execution, pursuant to Federal Rule of Civil Procedure 69, to enforce the monetary terms of this Consent Judgment. The Secretary may seek such a writ upon the expiration of the aforementioned 14-day period at any time after the entry of this Consent Judgment and may represent in filing for such a writ that Defendants consent to its issuance. Upon request from the Secretary, Defendants agree to furnish to the Secretary a complete and accurate list of their real,

Case 1:21-cv-11645-NMG Document 7-1 Filed 11/10/21 Page 6 of 8
Case 1:21-cv-11645 Document 2-1 Filed 10/08/21 Page 7 of 264
**COURTESY COPY**

personal, and business property with an estimated value of $2,000.00 or more and the locations of such property for purposes of the Secretary seeking a Writ of Execution in accordance with this Paragraph of the Consent Judgment.

13. Within 14 days after the parties' execution of this Consent Judgment, Defendants shall deliver to the United States Department of Labor, Wage and Hour Division, 835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103-2968, Attn: William Schweizer, a statement showing the following: the employers' Federal ID number(s), the name of each employee listed in Exhibit A1, and each employee's current address and social security number (only to the extent currently known by Defendants). The information in this paragraph shall be provided by Defendants to the Secretary to the extent it is currently known by Defendants and only if such information was not previously provided by Defendants to the Secretary, unless such information has changed since the time Defendants provided it to the Secretary.

14. When recovered wages have not been claimed by an employee within three years, because of inability to locate the employee or because of the employee's refusal to accept such sums, the Secretary shall deposit the wages into the United States Treasury as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

15. Defendants shall not, in any way, solicit, demand, accept, or keep any amount paid or payable to any employee or former employee under this Consent Judgment, or in any manner attempt to recover or otherwise influence any employee or former employee to forfeit any amounts paid to such employee or former employee in connection with this Consent Judgment. In the event any such amount is received from any employee, Defendants shall immediately remit such amount to the United States Department of Labor at the following address: United States Department of Labor, Wage and Hour Division, 835 Market Street, 19th

Case 1:21-cv-11645-NMG   Document 7-1   Filed 11/10/21   Page 7 of 8
Case 1:21-cv-11645   Document 2-1   Filed 10/08/21   Page 8 of 264
COURTESY COPY

Floor, Philadelphia, Pennsylvania 19103-2968, Attn: William Schweizer.

16. Defendants have certified that their employment practices are currently in compliance with all applicable provisions of the FLSA as interpreted by the Secretary. If this representation is determined to be false, and Defendants are found to be in violation of the FLSA, additional civil money penalties may be owed, in addition to back wages, liquidated damages, and other damages as appropriate.

17. Nothing in this Consent Judgment precludes the Secretary from using evidence discovered in the investigation that led to the Complaint in this matter in any future investigation, enforcement action, or legal action.

18. Each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

SO ORDERED, this 10th day of November, 2021.

Nathaniel M. Gorton
United States District Judge
District of Massachusetts

For the Secretary:

Seema Nanda
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

/s/ Mark A. Pedulla
Mark A. Pedulla
Counsel for Wage & Hour
pedulla.mark.a@dol.gov
MA BBO No. 685925

/s/ Emily V. Wilkinson
Emily V. Wilkinson
Trial Attorney
wilkinson.emily.v@dol.gov
MA BBO No. 699512

U.S. Department of Labor
Attorneys for Plaintiff
Post Office Address:
JFK Federal Building—Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142
Dated: October 8, 2021

**COURTESY COPY**

For Defendants:

*/s/ C. Chandler*

Carol Chandler
Stoneman, Chandler & Miller LLP
99 High Street
Boston, MA 02110
TEL: (617) 542-6789 x 314
FAX: (617) 340 8587
CChandler@scmllp.com

Dated: Oct. 8, 2021